UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICHAEL P. DONOVAN, as he is ADMINISTRATOR, LOCAL 103, I.B.E.W. HEALTH BENEFIT PLAN; ELECTRICAL WORKERS' PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; JOINT APPRENTICESHIP AND TRAINING FUND; and LAWRENCE J. BRADLEY, as he is EXECUTIVE SECRETARY-TREASURER, NATIONAL ELECTRICAL BENEFIT FUND,<br>Plaintiffs,<br><br>v.<br><br>BRAVA ELECTRIC & TELECOM, INC.,<br>Defendant. | CIVIL ACTION NO. |

## VERIFIED COMPLAINT

### NATURE OF ACTION

1. This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and pursuant to §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligation to pay fringe benefit contributions and pay interest due to the plans under the terms of a collective bargaining agreement and the plans.

### JURISDICTION

2. The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §1132(a), (e) and (f), and concurrent jurisdiction pursuant to §301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3. Plaintiff Michael P. Donovan is the Administrator of the Local 103, I.B.E.W. Health Benefit Plan ("Health Plan"). The Health Plan is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Health Plan is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

4. Plaintiff Michael P. Donovan is also the Administrator of the Electrical Workers' Pension Fund, Local 103, I.B.E.W. ("Pension Fund"). The Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Pension Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

5. Plaintiff Michael P. Donovan is also the Administrator of the Electrical Workers' Deferred Income Fund, Local 103, I.B.E.W. ("Deferred Income Fund"). The Deferred Income Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Deferred Income Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

6. Plaintiff Michael P. Donovan is also the Administrator of the Joint Apprenticeship and Training Fund ("JATC"). The JATC is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The JATC is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

7. Plaintiff Lawrence J. Bradley is the Executive Secretary-Treasurer of the National Electrical Benefit Fund ("National Fund"). The National Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The National Fund is administered at 2400 Research Boulevard, Suite #500, Rockville, Maryland.

8. The Health Plan, Pension Fund, Deferred Income Fund, JATC, and National Fund are multi-employer plans within the meaning of §3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A). They are hereinafter collectively referred to as the "Funds."

9. Defendant Brava Electric & Telecom, Inc. ("Brava"), is a Massachusetts corporation with a principal place of business at 1147 Main Street, Brockton, MA 02301. Brava is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

## FACTS

10. On or about May 5, 2005, Brava signed a Letter of Assent authorizing the Boston Chapter, of the National Electrical Contractors Association ("NECA") as its collective bargaining representative for all matters contained in, or pertaining to, the then current and any subsequent collective bargaining agreements between NECA and the International Brotherhood of Electrical Workers Local 103 ("Union"). A copy of Brava's Letter of Assent is attached hereto as Exhibit A.

11. Brava has been a party to successive collective bargaining agreements, including the agreement which is in effect from September 1, 2016, through August 31, 2019 ("Agreement") a copy of which is attached hereto as Exhibit B.

12. The Agreement requires signatory employers such as Brava to make contributions to the Funds for each hour worked by covered employees. The Agreement specifies the amount to be contributed by an employer to each of the Funds for each hour worked. In addition to the named plaintiff Funds, the Agreement specifies the amounts to be contributed to the Electrical Industry Labor-Management Cooperation Trust Fund, the National Labor-Management

Cooperation Committee, the Administrative Maintenance Fund, and the National Electrical Industry Fund. The Administrator is authorized to collect monies due to all the Funds.

13. The Agreement further specifies that these amounts are to be paid by the 15th day of the subsequent month. The Agreements also specify that working dues are to be deducted from the wages of each employee and forwarded to the Union. The Funds and the Union have a separate agreement which allows the Funds to collect working dues on behalf of the Union.

14. Section 6.38(f) of the Agreement provides that a delinquent fee must be paid for all payments made after the 15th day of the month the payment is due. The Trustees of the Funds have determined that the delinquent fee to be charged on the late payment of contributions be set at 1.5 percent per month.

15. Signatory employers such as Brava are obligated to submit remittance reports on a monthly basis, in which they list the hours worked by their employees and calculate the amount of benefit contributions and working dues owed for all work performed by their employees in that month. Employers are also required to submit to periodic audits of their books and records to verify the accuracy of their remittance reports.

16. Brava has not paid any benefit contributions for work performed by its covered employees for the months of September 1, 2018 through the present.

17. For the month of August 2018, Brava owes approximately $1,169.37 in unpaid interest from late benefit contributions and $1,169.49 in working dues deducted from employees' wages but not forwarded to the Union.

18. Brava has not submitted a remittance report to the Funds after August 2018. However, on information and belief, Brava owes additional unpaid benefit contributions and working dues for the months of September to present.

19. On October 26, 2018, Funds' collection counsel sent a demand letter to Brava advising Brava that it owed benefit contributions, working dues, interest, and legal fees and costs. The letter demanded payment of the amounts owed. The letter was sent by certified mail, return receipt requested. A copy of the demand letter together with the signed receipt showing delivery is attached hereto as Exhibit C.

20. In sum, Brava owes a minimum of $2,338.86, plus additional unliquidated amounts, statutory liquidated damages, interest, and legal fees and costs, which continue to accrue.

21. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT I - VIOLATION OF ERISA

22. Plaintiffs incorporate by reference paragraphs 1 through 21 above.

23. Absent an order from this Court, Brava will continue to refuse and fail to pay the contributions it owes to the Plaintiff Funds, along with the interest on late payments, and the Funds and their participants will be irreparably damaged.

24. The failure of Brava to make payment of all contributions owed on behalf of all covered employees violates §515 of ERISA, 29 U.S.C. §1145.

## COUNT II - VIOLATION OF THE COLLECTIVE BARGAINING AGREEMENT

25. Plaintiffs incorporate by reference paragraphs 1 through 24 above.

26. The Agreements are contracts within the meaning of §301 of the LMRA.

27. Brava's failure to pay all contributions and interest owed on behalf of its covered employees and to remit the working dues Brava already deducted out of its employees' wages, violates the terms of the Agreements.

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs request that this Court grant the following relief:

a. Enter a preliminary and permanent injunction enjoining Brava Electric & Telecom, Inc. from refusing or failing to make payment of benefit contributions, interest, working dues, interest, legal fees and costs and statutory liquidated damages owed to Plaintiff Funds;

b. Order the attachment of the machinery, inventory, vehicles, equipment, and accounts receivable of Brava Electric & Telecom, Inc. up to the amount of $2,338.86;

c. Order Brava Electrical LLC to make available to the Plaintiff Funds or their duly authorized representative all of its payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records and hours worked, weekly payroll registers, certified payrolls, cash disbursement journals, accounts receivable, and a complete listing of all job locations from August 1, 2018 until the date of the Court's order for the purpose of ascertaining the full amount of unpaid contributions for that period;

d. Enter judgment in favor of the Plaintiff Funds on Count I against Brava Electric & Telecom, Inc. for all benefit contributions owed through the present, together with any additional amounts determined by the Court to be owed the Funds or which may become due during the pendency of this action, plus interest on the unpaid contributions, statutory liquidated damages, and legal fees and costs, pursuant to 29 U.S.C. §1132(g)(2);

  e. Enter judgment in favor of the Plaintiff Funds on Count II against Brava Electric & Telecom, Inc. for all contributions and working dues owed through the present, plus interest and any additional amounts determined by the Court to be owed the Funds or which may become due during the pendency of this action; and

  f. Such further and other relief as this Court may deem appropriate.

         Respectfully submitted,

         MICHAEL P. DONOVAN, as he is
         ADMINISTRATOR, LOCAL 103, I.B.E.W.
         HEALTH BENEFIT PLAN, *et al.*,

         By their attorneys,

         /s/ Kathryn S. Shea
         Kathryn S. Shea, BBO # 547188
         Segal Roitman, LLP
         33 Harrison Avenue, 7th Floor
         Boston, MA  02111
         (617) 603-1417
         kshea@segalroitman.com

Dated:  December 4, 2018

## VERIFICATION

I, Michael P. Donovan, Funds Administrator for the Local 103, I.B.E.W. Health Benefit Plan, et al., verify that I have read the above Amended Complaint, and the statements set forth therein are true and accurate based on my personal knowledge, except for those statements made on information and belief, and, as to those statements, I am informed and believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 5 DAY OF December, 2018.

         Michael P. Donovan
         Funds Administrator